IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO CHIPMAN, #M24726, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-01245-NJR |
| | ) |
| LT. LESKE,[1] C/O CONTEZ, and | ) |
| UNKNOWN OFFICERS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Antonio Chipman, an inmate currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts constitutional claims arising out of events that occurred at Pinckneyville Correctional Center ("Pinckneyville") in November 2013. (Doc. 1). This is the first civil rights action Plaintiff has filed since being incarcerated in 2011.

## Merits Review Under 28 U.S.C. § 1915A

The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] In the complaint, Plaintiff refers to this Defendant as both "Lt. Leske" and "Lt. Teske." (*See* Doc. 1). Plaintiff has since filed a motion to amend/correct the complaint. (Doc. 5) In this motion, Plaintiff states that the correct name of this Defendant is "Lt. Teske." Plaintiff's motion (Doc. 5) shall be granted.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## The Complaint

The events giving rise to this action occurred on November 11, 2013, while Plaintiff was confined at Pinckneyville Correctional Center. On that date, Plaintiff was accused of throwing feces and urine on a nurse at Pinckneyville. (Doc. 1, p. 4). Plaintiff maintains that it was his former cellmate, Julien Russell, who was responsible for this conduct. *Id*. Around 11 p.m. that evening, Defendant Teske and approximately eight other officers entered Plaintiff's cell and began punching and kicking Plaintiff until he fell on the floor. *Id*. Defendant Teske and the other officers proceeded to stomp, kick, and punch Plaintiff. *Id*. Teske then handcuffed Plaintiff and dragged him into the foyer area where Teske continued to beat him. *Id*.

Plaintiff contends that the beatings continued for some time at various locations throughout the facility and that additional officers, including Defendant Contez and other unknown correctional officers, participated in the beatings. *See id.* at 5-9. Plaintiff further asserts that at some point he was taken to the health care unit, but ignored by the only nurse with whom he interacted. He states that he was placed on a 15 minute watch, but never provided any medical care. *Id*. at 6. Instead, Plaintiff claims that officers pulled him off the 15 minute watch and began

beating him again, inside the healthcare unit. Plaintiff asserts that some of the female nurses began yelling, "Don't do that in here, take him out there and beat him up." *Id*. at 7. The attacks continued outside of the healthcare unit. *Id*. at 8. At one point, Defendant Teske slammed Plaintiff's head into a wall and then pressed his thumb into Plaintiff's neck to cut off the air circulation. *Id*. Teske then called Plaintiff a "n*gg*r bitch," spit in his face, and asked Plaintiff how would he like it if someone threw spit and urine in his face. *Id*.

Plaintiff contends that Teske, Contez, and various other unknown Defendants continued the assault until finally one unknown officer grabbed Plaintiff by his jumpsuit and rammed Plaintiff into a steel door, which caused Plaintiff to lose consciousness. *Id*. at 8. Plaintiff woke up later in the shower with his face pressed into the water drain and heard Defendant Teske saying, "Are you dead yet? *Id*. Plaintiff claims that Defendant Teske went on to say, "If I ever [hear] that you throw something else on a staff member, I'm personally going to kill you myself. Do you understand me? And I don't give a f*ck if you sue me or not." *Id*. at 9.

Following the assault, Plaintiff was placed in a suicide watch room and covered in feces, urine, and other unidentified matter throughout the night. *Id*. The next morning, Plaintiff was moved to a new cell where he asserts he went 13 days without a mattress or any of his personal property; 7 days without water; and 2 1/2 days without any food.[2] *Id*. He was also "deprived of medical attention of any sort" during that time. *Id*. Plaintiff was then transferred to Menard. Plaintiff seeks monetary damages against Defendants Teske, Contez, and other unknown correctional officers and medical staff. *Id*. at 15.

## Analysis

To facilitate the orderly management of future proceedings in this case, and in

---

[2] These allegations might support an Eighth Amendment condition of confinement claim, but Plaintiff does not indicate an intention to raise this claim, nor has he specified who was responsible for his placement under these conditions. As such, the Court's analysis does not address this potential claim.

accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

### Count 1: Excessive Force

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). An inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Several factors are relevant to this determination, including the need for force, the amount applied, the threat a guard reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir.2004).

Here, Plaintiff alleges that Defendants Teske, Contez, and unknown correctional officers used excessive force against him without any apparent penological justification. Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has articulated a colorable excessive force claim against Defendants Teske, Contez, and unknown correctional officers. As to the unknown correctional officers, however: these officers must be identified with particularity before service of the complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown prison

officials sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir.2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge. Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

**Count 2: Denial of Medical Care**

To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Specifically, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Plaintiff alleges that he was brutally beaten by several officers on multiple occasions on the night of November 11, 2013. At one point, his body was slammed so hard into a steel door that he lost consciousness. Yet he contends that he was never provided any medical attention. In

fact, during the only time when he was brought to the healthcare unit that evening, a staff member ignored him and then other healthcare staff told correctional officers to take Plaintiff out of the unit and beat him elsewhere. These allegations support an Eighth Amendment medical care claim against Defendants Teske, Contez, and other unknown correctional officers and nurses who witnessed Plaintiff's injuries that evening, but failed to ensure Plaintiff was provided adequate medical treatment. But, as noted above, Plaintiff must identify the names of unknown correctional officers and nurses before service of the complaint can occur on them.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) remains **PENDING** and shall be referred to United States Magistrate Judge Wilkerson for a decision.

Plaintiff's motion to correct/amend the complaint (Doc. 5) is **GRANTED**. The **CLERK OF COURT** is **DIRECTED** to substitute "Teske" in place of "Leske" as a party defendant.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 1** (excessive force claim) against Defendants **TESKE, CONTEZ,** and **UNKNOWN CORRECTIONAL OFFICERS** and on **COUNT 2** (medical care claim) against Defendants **TESKE, CONTEZ, UNKNOWN CORRECTIONAL OFFICERS,** and **UNKNOWN NURSES**.

The Clerk of Court shall prepare for Defendants **TESKE** and **CONTEZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **UNKNOWN CORRECTIONAL OFFICERS** and **UNKNOWN NURSES** until such time as Plaintiff has identified these individuals by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 7, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**